UNITED STATES DISTRICT FOR
THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

---

KEVIN REMMES,

        Plaintiff,

v.

INTERNATIONAL FLAVORS &
FRAGRANCES, INC.,
GIVAUDAN, INC.,
FLAVORS OF NORTH AMERICA, INC., and
SENSIENT FLAVORS, INC.,

        Defendants.

CASE NO. C04-4061MWB

**NOTICE OF REMOVAL**

---

TO:    Dennis M. McElwain        Daniel M. Homolka
        Smith & McElwain Law Office    Daniel M. Homolka P.A.
        505 Fifth Street, Suite 530       2020 IDS Center
        P.O. Box 1194               80 South Eighth Street
        Sioux City, Iowa 51102       Minneapolis, Minnesota 55402
        (Counsel for Plaintiff)       (Counsel for Plaintiff)

        Defendant, Sensient Flavors, Inc. ("Sensient"), by its undersigned attorneys and pursuant

to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes to the United States District Court for the

Northern District of Iowa, Western Division, the action captioned *Kevin Remmes v. International*

*Flavors & Fragrances, Inc. et al,* which is pending in the Iowa District Court for Woodbury

County as Case No. LACV129523 (the "State Court Action").

        1.      Sensient is a Wisconsin corporation with its principal place of business in Indiana.

Sensient is thus a citizen of Indiana and Wisconsin for purposes of diversity jurisdiction. <u>See</u> 28

U.S.C. § 1332(c).

2. According to Plaintiff's Petition in the State Court Action, Kevin Remmes, is an Iowa resident who works in Iowa. (Petition, ¶ 1). Remmes is thus an Iowa citizen for purposes of diversity jurisdiction. See 28 U.S.C. § 1332.

3. According to the Petition, Defendant, International Flavors & Fragrances, Inc. ("IFF"), is a New York Corporation with its principal place of business in New York. (Petition, ¶ 4(a)). IFF is thus a citizen of New York for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

4. According to the Petition, Defendant, Givaudan, Inc. ("Givaudan"), is a Delaware corporation with its principal place of business in Ohio. (Petition, ¶ 4(b)). Givaudan is thus a citizen of Delaware and Ohio for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

5. According to the Petition, Defendant, Flavors of North America, Inc. ("FONA"), is an Illinois corporation with its principal place of business in Illinois. (Petition, ¶ 4(b)). FONA is thus a citizen of Illinois for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c).

6. The Petition asserts personal injury claims against each of the Defendants based on Plaintiff's alleged exposure to their butter flavoring products. The amount in controversy exceeds $75,000.00 exclusive of interest and costs because the allegations of damage in the Petition are severe. Plaintiff's alleged injuries include:

> … sustained, severe, permanent, and progressive damage to the lungs, severe damage to the respiratory system, and impairment of the ability to function. He has suffered and continues to suffer physical pain, mental and emotional distress, and loss of sleep and natural rest. In addition, Plaintiff has suffered and will suffer loss of wages and earning capacity, and has expended and will expend money for medical treatment, medication, medical monitoring and medical devices.

(Petition, ¶ 10). Given the nature of Plaintiff's allegations, a fact finder could conclude that the damages Plaintiff suffered are far in excess of $75,000.00, exclusive of interest and costs. The

2

amount in controversy requirement for diversity jurisdiction is thus satisfied. *See Kopp v Kopp,* 280 F.3d 883, 885 (8th Cir. 2002).

7. Because of the complete diversity of the Plaintiff and the Defendants herein, and because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, jurisdiction in this Court is proper under 28 U.S.C. § 1332.

8. Venue is proper in the Northern District of Iowa, Western Division, pursuant to 28 U.S.C. § 1391(a)(2), in that a substantial part of the events giving rise to the alleged claim occurred in the Northern District of Iowa. Venue in the Northern District of Iowa, Western Division, is also proper pursuant to 28 U.S.C. § 1441(a) because the county in which the State Court Action was pending is found within this District.

9. The State Court Action was filed in the Iowa District Court for Woodbury County on or about June 4, 2004. (Petition, p. 1, file-stamp). Filed herewith as a Exhibit A to this Notice of Removal are copies of the pleadings, processes and orders that have been served to date on Sensient in this matter.

10. On June 10, 2004, Plaintiff filed with the Iowa Secretary of State a Notice of Filing Original Notice and Petition with Secretary of State. Sensient received the Notice and a Petition and Jury Demand via mail on June 14, 2004.

11. Sensient is unaware of whether Defendants IFF, Givaudan, and FONA have been properly served with process. However, their deadlines for removal have not expired. Thus, Defendants IFF, Givaudan, and FONA have consented in writing to the removal of the State Court Action. Filed herewith as Exhibits B, C, and D are copies of the respective consent forms for Defendants IFF, Givaudan, and FONA. All Defendants reserve any and all defenses, objections, and exceptions to this action, and in particular they do not, through their consent,

3

waive their right to object to jurisdiction before this Court or to Plaintiff's method of service of process.

12. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), in that it is filed within 30 days after receipt by Defendant, Sensient, by service or otherwise, of a copy of the Petition and Jury Demand in the State Court Action.

13. The removal of this action to the Northern District of Iowa, Western Division, does not waive Sensient's ability to assert any defense in this action.

14. Sensient has filed a true and correct copy of this Notice of Removal with the Clerk of the Iowa District Court for Woodbury County.

WHEREFORE, Defendant, Sensient, has removed this action to the United States District Court for the Northern District of Iowa, Western Division, in accordance with the statutes in such cases made and provided.

Dated this 9 day of July, 2004.

RAWLINGS, NIELAND, PROBASCO,
KILLINGER, ELLWANGER, JACOBS &
MOHRHAUSER

s/Matthew T. E. Early
Maurice B. Nieland
Matthew T. E. Early
522 Fourth Street, Suite 300
Sioux City, Iowa 51101
Ph:      (712) 277-2373
Fax:     (712) 277-3304

Attorneys for Defendant, Sensient Flavors, Inc.

**Of Counsel:**
**MICHAEL BEST & FRIEDRICH LLP**
Paul E. Benson and Lee M. Seese
100 East Wisconsin Avenue, Suite 3300
Milwaukee, Wisconsin 53202-4108
Ph:      (414) 271-6560
Fax:     (414) 277-0656

4

CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2004, I electronically filed the foregoing with the Clerk of the
Court using the ECF system which will send notification of such filing to the following:

<u>Counsel for Plaintiff:</u>
Dennis McElwain
Smith & McElwain Law Office
505 Fifth Street, Suite 530
P.O. Box 1194
Sioux City, IA 51102
Ph: (712) 255-8094
Fax: (712) 255-3825
Email: <u>smitmcel@aol.com</u>
(Local Counsel)

<u>Counsel for Givaudan, Inc.:</u>
Alan E. Fredregill, Esq. and Patrick L. Sealey, Esq.
Heidman, Redmond, Fredregill, Patterson, Plaza, Dykstra, Prahl LLP
701 Pierce Street, Suite 200
P.O. Box 3086
Sioux City, Iowa 51102
Ph:    (712) 255-8838
Fax:    (712) 258-6714
Email:  <u>alan.fredregill@heidmanlaw.com</u>
        <u>patrick.sealey@heidmanlaw.com</u>
(Local Counsel)

<u>Counsel for International Flavors & Fragrances, Inc.</u>
William R. Hughes, Jr., Esq. and Robert Livingston, Esq.
Stuart, Tinley, Peters, Thorn, Hughes, Faust & Madsen
U.S. West Building
310 West Kanesville Blvd., Second Floor
P.O. Box 398
Council Bluffs, Iowa 51502
Ph:    (712) 322-4033
Fax:    (712) 322-6243
Email:  <u>hughes.william@stuarttinley.com</u>
        <u>livingston.robert@stuarttinley.com</u>
(Local Counsel)

5

I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF system participants:

<u>Counsel for Plaintiff</u>
Daniel M. Homolka
Daniel M. Homolka P.A.
2020 IDS Center
80 South Eight Street
Minneapolis, MN 55402
National Counsel

<u>Counsel for Givaudan, Inc.</u>
J. Philip Calabrese, Esq., Damond R. Mace, Esq. and Leslie A. Morsek, Esq.
Squire, Sanders & Dempsey LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114-1304
Ph:      (216) 479-8503
Fax:     (216) 479-8780
Email:   <u>pcalabrese@ssd.com</u>
         <u>dmace@ssd.com</u>
         <u>lmorsek@ssd.com</u>
(National Counsel)

<u>Counsel for International Flavors & Fragrances, Inc.</u>:
Frank C. Woodside, III, Esq., Mary-Jo Middelhoff, Esq. and Daniel Lee Jones, Jr., Esq.
Dinsmore & Shohl, LLP
255 East Fifth Street
Cincinnati, Ohio 45202
Ph:      (513) 977-8622
Fax:     (513)
Email:   <u>frank.woodside@dinslaw.com</u>
         <u>maryjo.middelhoff@dinslaw.com</u>
         <u>daniel.jones@dinslaw.com</u>
(National Counsel)

<u>Counsel for Flavors of North American, Inc.</u>
Michael R. Hellige, Esq.
Hellige, Frey & Roe
700 Frances Building, 505 Fifth Street
P.O. Box 1828
Sioux City, Iowa 51102
Ph:      (712) 255-4444
Fax:     (712) 255-4465
Email:   <u>mikeh@helligelaw.com</u>
(Local Counsel)

6

Counsel for Flavors of North American, Inc.:
Ronald B. Lee, Esq. and Moira Pietrowski, Esq.
Roetzel & Andress
222 South Main Street
Akron, Ohio 44308
Ph:      (330) 376-2700
Fax:     (330) 376-4577
Email:  rlee@ralaw.com
           mpietrowski@ralaw.com
(National Counsel)


                              s/Matthew T. E. Early
                                 Maurice B. Nieland
                                 Matthew T. E. Early
                                 Attorney for Defendant Sensient Flavors, Inc.
                                 Rawlings Nieland Probasco Killinger Ellwanger
                                    Jacobs & Mohrhauser, L.L.P.
                                 522 4th Street, Suite 300
                                 Sioux City, IA 51101
                                 Telephone: (712) 277-2373
                                 Phone:  (712) 277-3304
                                 Email:  mnieland@rawlingsnieland.com
                                 Email:  mearly@rawlingsnieland.com

**IN THE IOWA DISTRICT COURT FOR WOODBURY COUNTY**

KEVIN REMMES,

     Plaintiff,

vs.

INTERNATIONAL FLAVORS &
FRAGRANCES, INC., a New York
Corporation;

GIVAUDAN, INC., a Delaware corporation,
Formerly known as Givaudan-Roure, a division
of Roche Group;

FLAVORS OF NORTH AMERICAN, INC.,
an Illinois corporation;

and SENSIENT FLAVORS, INC., a
Wisconsin corporation, formerly Universal
Flavors, Inc.,

     Defendants.

FILED

'04 JUN -4 P2 46 LAW NO. _LACV 129523_

**PETITION
AND JURY DEMAND**

Plaintiff, for his Petition against the Defendants and each of them jointly and severally, states and alleges as follows:

**JURISDICTION**

1. Plaintiff, Kevin Remmes, is a resident of Sioux City, Woodbury County, Iowa. Plaintiff works at American Popcorn Company, 1 Fun Place, Sioux City, Iowa 51108.

2. Plaintiff's claimed damages, exclusive of interest and costs, exceed Ten Thousand Dollars ($10,000.00).

3. Venue lies in Woodbury County District Court pursuant to Iowa Code Section 616.18, as Woodbury County is the county in which Plaintiff's injuries and damages have been sustained.

4. The following defendant corporations are incorporated and have as their principal places of business the following:

    a. INTERNATIONAL FLAVORS & FRAGRANCES, INC. a New York
       corporation whose address is 521 W. 57th St., New York, New York 10019.

EXHIBIT
A

b.   GIVUDAN, INC., a Delaware corporation whose address is 1199 Edison Drive, Cincinnati, Ohio 45216

c.   FLAVORS OF NORTH AMERICA, INC., an Illinois corporation whose address is 525 Randy Road, Carol Steam, IL 60188.

d.   SENSIENT FLAVORS, INC. also known as Sensient Flavors & Fragrances, a Wisconsin corporation whose address is 5600 West Raymond Street, Indianapolis, Indiana 46242.

### COUNT I

### GENERAL ALLEGATIONS

5.    The above-named defendants are or were, at a time relevant hereto, manufacturers, processors, importers, distributors and/or sellers of butter flavoring which was sold, distributed or consigned to markets including Plaintiff's employer, American Popcorn Company's microwave popcorn packaging facility, which packages popcorn for both national and international distribution under the Jolly Time label.  The facility has produced microwave popcorn since 1989.

6.    Plaintiff Kevin Remmes was employed in various positions with American Popcorn Company also known as Jolly Time and in the course of his employment, worked with and around the butter flavoring processed, manufactured, sold, distributed and marketed by the Defendants, which caused him to suffer severe and permanent injury to his person.

7.    Until June 6, 2002, Plaintiff Kevin Remmes was unaware of the dangerous propensities of butter flavoring and was unaware of his medical condition and its cause.

8.    The Defendants, acting through their agents, servants, and/or employees, caused certain butter flavoring products to be placed in the stream of interstate commerce with the result that Plaintiff Kevin Remmes was exposed to said butter flavoring in the microwave production area, which encompasses a mixing room and packaging lines. Butter flavoring contains diacetyl and other volatile organic compounds that cause damage to the epithelial lining of the respiratory system,

2

bronchiolitis obliterans, chronic obstructive pulmonary disease, severe lung impairment, chronic cough, shortness of breath, fatigue, obstructive spirometry abnormalities, and other respiratory diseases.

9.     Defendants knew or should have known of the hazardous nature of butter flavoring at the time that Plaintiff worked at American Popcorn Company and its Jolly Time microwave packaging facility.    Plaintiff was exposed to Defendants' products, and was injured. Notwithstanding, Defendants' failed to warn of the defective nature of their products and failed to give instructions on safe use of their products.

10.     Plaintiff's exposure to butter flavoring directly and proximately caused him injury, _inter alia_, to develop sustained, severe, permanent and progressive damage to the lungs, severe damage to the respiratory system, and impairment of the ability to function.  He has suffered and continues to suffer physical pain, mental and emotional distress, and loss of sleep and natural rest. In addition, Plaintiff has suffered and will suffer loss of wages and earning capacity, and has expended and will expend money for medical treatment, medication, medical monitoring and medical devices.

## COUNT II

### STRICT LIABILITY IN TORT - DESIGN DEFECT

11.     Plaintiff hereby realleges and reincorporates all paragraphs included in the General Allegations of this Complaint as if restated herein.

12.     Defendants supplied a butter flavoring product within the ordinary course of their business.

13.     When Plaintiff, Kevin Remmes was exposed to Defendants' products, said products

3

were used in a manner reasonably anticipated by each of the Defendants.

14.    At the time of the design, manufacture, processing, distribution, sale and/or use of Defendants' products, said products were defective as designed when put to the use anticipated by Defendants, as a result, among other things, of its diacetyl and volatile organic compound content and its propensity to cause damage to the epithelial lining of the respiratory system, bronchiolitis obliterans, chronic obstructive pulmonary disease, severe lung impairment, chronic cough, shortness of breath, fatigue, obstructive spirometry abnormalities, and other respiratory diseases;

15.    As a result of butter flavoring's propensity to cause respiratory disease, as described above, Defendants' products were unreasonably dangerous and defective when put to the use anticipated by the Defendants.

16.    As a direct and proximate result of the dangerous and defective condition of defendants' butter flavoring products, plaintiff, Kevin Remmes has developed severe, permanent, and progressive damage to the lungs, severe damage to the respiratory system, and impairment of the ability to function. He has suffered and continues to suffer physical pain, mental and emotional distress, and loss of sleep and natural rest. In addition, Plaintiff has suffered and will suffer loss of wages and earning capacity, and has expended and will expend money for medical treatment, medication, medical monitoring and medical devices.

17.    Plaintiff, Kevin Remmes sustained serious injury to his person, incurred medical expenses by way of doctor, drug, hospital and other bills, suffered great pain, mental and physical anguish, diminished enjoyment of life and other damages.

4

## COUNT III

### STRICT LIABILITY IN TORT - FAILURE TO WARN

18.     Plaintiff hereby realleges and reincorporates all paragraphs included in the General Allegations of this Complaint as if restated herein.

19.     Defendants marketed, sold and supplied butter flavoring without adequate instructions on safe use and/or warnings that the products contained substances that are dangerous to health and life and that cause severe respiratory disease.

20.     As a result of Defendants' failure to adequately instruct and warn of the dangerous characteristics of the products, said products were defective and unreasonably dangerous when put to the use reasonably anticipated by Defendants.

21.     As a direct and proximate result of Defendants' failure to warn of the dangerous and defective condition of butter flavoring, Plaintiff has developed severe, permanent, and progressive damage to the lungs, severe damage to the respiratory system, and impairment of the ability to function. He has suffered and continues to suffer physical pain, mental and emotional distress, and loss of sleep and natural rest. In addition, Plaintiff has suffered and will suffer loss of wages and earning capacity, and has expended and will expend money for medical treatment, medication, medical monitoring and medical devices.

22.     Plaintiff, Kevin Remmes sustained serious injury to his person, incurred medical expenses by way of doctor, drug, hospital and other bills, suffered great pain, mental and physical anguish, diminished enjoyment of life and other damages.

5

## COUNT IV

### NEGLIGENCE

23.   Plaintiff hereby realleges and reincorporates all paragraphs included in the General Allegations of this Complaint as if restated herein.

24.   As a designer, manufacturer, marketer and seller of butter flavoring, Defendants had a duty to exercise due care and the ordinary, reasonable technical skill and competence that is required of designers, manufacturers, marketers, sellers, and others in similar situation, including, without limitation, the duty to test its product, to acquire and maintain the knowledge of an expert, to design, manufacture, market and sell its product free from defects and/or latent defects and the duty to adequately warn of product defects and hazards, which duty continued even after the sale of said products.

25.   Defendants failed to use due care under the circumstances and were thereby negligent in the performance of their duty to Plaintiff.

26.   As a direct and proximate result of Defendants' negligence in the design, manufacture, marketing and selling of butter flavoring, Plaintiff has developed severe, permanent and progressive damage to the lungs, severe damage to the respiratory system, and impairment of the ability to function. He has suffered and continues to suffer physical pain, mental and emotional distress, and loss of sleep and natural rest. In addition, Plaintiff has suffered and will suffer loss of wages and earning capacity, and has expended and will expend money for medical treatment, medication, medical monitoring and medical devices.

27.   Plaintiff, Kevin Remmes sustained serious injury to his person, incurred medical expenses by way of doctor, drug, hospital and other bills, suffered great pain, mental and physical

6

anguish, diminished enjoyment of life and other damages.

## COUNT V.

### STRICT LIABILITY IN TORT - FAILURE TO WARN

28.     Plaintiff hereby realleges and reincorporates all paragraphs included in the General Allegations of this Complaint as if restated herein.

29.     Defendants marketed, sold and supplied butter flavoring without adequate instructions on safe use and/or warnings that the products contained substances that are dangerous to health and life and that cause severe respiratory disease.

30.     As a result of Defendants' failure to adequately instruct and warn of the dangerous characteristics of the products, said products were defective and unreasonably dangerous when put to the use reasonably anticipated by Defendants.

31.     As a direct and proximate result of Defendants' failure to warn of the dangerous and defective condition of butter flavoring, Plaintiff has developed severe, permanent, and progressive damage to the lungs, severe damage to the respiratory system, and impairment of the ability to function. He has suffered and continues to suffer physical pain, mental and emotional distress, and loss of sleep and natural rest. In addition, Plaintiff has suffered and will suffer loss of wages and earning capacity, and has expended and will expend money for medical treatment, medication, medical monitoring and medical devices.

32.     Plaintiff, Kevin Remmes sustained serious injury to his person, incurred medical expenses by way of doctor, drug, hospital and other bills, suffered great pain, mental and physical anguish, diminished enjoyment of life and other damages.

7

## COUNT VI.

### BREACH OF CONTINUING DUTY TO WARN

33. Plaintiff hereby realleges and reincorporates all paragraphs included in the General Allegations of this Complaint as if restated herein.

34. At the time of manufacture and sale of butter flavoring and thereafter, Defendants knew or had constructive knowledge of a significant risk of serious harm posed bu its products, namely the risk of severe respiratory disease as described above.

35. The significant risk of serious harm created by the use of the Defendants products could have been lessened if Defendants had adequately warned or instructed on proper use after the sale.

36. The significant risk of serious harm, posed by the Defendants products outweighed any economic burden on Defendants or identifying and contacting current product users.

37. Defendants had an ongoing relationship with Plaintiff's employer which provided a practical way of issuing post-sale warnings.

38. Defendants therefore had a duty to issue post-sale warnings apprizing of the significant risk of harm posed by Defendants products.

39. Defendants failed to take reasonable actions to warn after the sale of its products and were thereby negligent.

40. As a direct and proximate result of the dangerous and defective condition of Defendants products and Defendants' failure to warn of the dangers thereof, Plaintiff has developed severe, permanent, and progressive damage to the lungs, severe damage to the respiratory system, and impairment of the ability to function. He has suffered and continues to suffer physical pain,

8

mental and emotional distress, and loss of sleep and natural rest. In addition, Plaintiff has suffered and will suffer loss of wages and earning capacity, and has expended and will expend money for medical treatment, medication, medical monitoring and medical devices.

41.     Plaintiff, Kevin Remmes sustained serious injury to his person; incurred medical expenses by way of doctor, drug, hospital and other bills, suffered great pain, mental and physical anguish, diminished enjoyment of life and other damages.

WHEREFORE, Plaintiff prays for judgment against Defendants, in excess of the jurisdictional requirement, punitive damages in an amount to be determined by the trier of fact, the costs of this action, and any such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL OF ALL ISSUES

42.     Plaintiff in the above-entitled cause demands a trial by jury.,

Respectfully submitted,

SMITH AND MCELWAIN

By
Dennis M. McElwain
505 - 5ᵗʰ Street, Suite 530
P.O. Box 1194
Sioux City, Iowa 51102
(712) 255-8094

DANIEL M. HOMOLKA, P.A.

By
Daniel M. Homolka Attorney ID# 136505
2020 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 341-2433
(612) 341-2423 (fax

ATTORNEYS FOR PLAINTIFFS

9



IN THE IOWA DISTRICT COURT FOR WOODBURY COUNTY

| | |
|---|---|
| KEVIN REMMES, | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | * LAW NO. _LACV 128523_ |
| INTERNATIONAL FLAVORS & | * |
| FRAGRANCES, INC., a New York | * |
| Corporation; | * |
| | * |
| GIVAUDAN, INC., a Delaware corporation, | * |
| Formerly known as Givaudan-Roure, a division | * **ORIGINAL NOTICE** |
| of Roche Group; | * |
| | * |
| FLAVORS OF NORTH AMERICAN, INC., | * |
| an Illinois corporation; | * |
| | * |
| and SENSIENT FLAVORS, INC., a | * |
| Wisconsin corporation, formerly Universal | * |
| Flavors, Inc., | * |
| | * |
| Defendants. | * |

**TO THE ABOVE-NAMED DEFENDANT, SENSIENT FLAVORS, INC.:**

*YOU ARE NOTIFIED* that a Petition and Jury Demand has been filed in the office of the

Clerk of this Court, naming you as the defendants in this action. A copy of the Petition and Jury Demand

(and any documents filed with it) is attached to this notice. The attorney for the plaintiff is Dennis M.

McElwain, Smith & Mc Elwain Law Offices, whose address is 505 Fifth Street, Suite 530, Sioux City,

Iowa 51102. That attorney's phone number is 712/255-8094; and facsimile number is 712/255-3825.

And Daniel M. Homolka, P.A., whose address is 2020 IDS Center, 80 South Eighth Street, Minneapolis,

Minnesota 55402. That attorney's phone number is 612/341-2433, toll free: 1-877/341-2433 and his

facsimile number is 612/341-2423.

**YOU ARE FURTHER NOTIFIED** that unless, within 60 days following the filing of this Original Notice with the Secretary of State of Iowa, you serve and within a reasonable time thereafter file, a motion or answer in the Iowa District Court for Woodbury County, at the County Courthouse in Sioux City, Iowa, judgment by default will be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 712/279-6616. (If you are hearing impaired, call Relay Iowa TTY at 1-800/735-2942.

(SEAL)

# CRAIG JORGENSEN

CLERK OF COURT
Woodbury County Courthouse
Sioux City, Iowa 51101

**IMPORTANT: YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS**

IN THE IOWA DISTRICT COURT FOR WOODBURY COUNTY

| | | |
|---|---|---|
| KEVIN REMMES, | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CIVIL NO. LACV015263 |
| | * | |
| INTERNATIONAL FLAVORS & | * | |
| FRAGRANCES, INC., a New York | * | |
| Corporation; | * | **NOTICE OF FILING ORIGINAL** |
| | * | **NOTICE AND PETITION WITH** |
| GIVAUDAN, INC., a Delaware corporation, | * | **SECRETARY OF STATE** |
| Formerly known as Givaudan-Roure, a division | * | |
| of Roche Group; | * | |
| | * | |
| FLAVORS OF NORTH AMERICAN, INC., | * | |
| an Illinois corporation; | * | |
| | * | |
| and SENSIENT FLAVORS, INC., a | * | |
| Wisconsin corporation, formerly Universal | * | |
| Flavors, Inc., | * | |
| | * | |
| Defendants. | * | |

**TO THE ABOVE NAMED DEFENDANTS:**

Sensient Flavors, Inc.
777 East Wisconsin Avenue
Milwaukee, Wisconsin 53202

You will take notice that an original notice of suit or process against you, a copy

of which is attached hereto, was duly served upon you at Des Moines, Iowa, by filing a copy of

said notice of process on the 10th day of June, 2004, with the Iowa Secretary of State.

Dated at Sioux City on this 11th day of June, 2004.

Dennis M. McElwain
SMITH & McELWAIN LAW OFFICE
505 Fifth Street, Suite 530
P.O. Box 1194
Sioux City, Iowa 51102
Telephone: 712/255-8094
Facsimile: 712/255-3825
E-mail: smitmcel@aol.com

Daniel M. Homolka,
DANIEL M. HOMOLKA, P.A.
2020 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone: 612/341-2433
Facsimile: 612/341-2423
E-mail: dan@lommen.com

ATTORNEYS FOR PLAINTIFF

KEVIN REMMES,

       Plaintiff,

    v.

INTERNATIONAL FLAVORS &
FRAGRANCES, INC.,
GIVAUDAN, INC.,
FLAVORS OF NORTH AMERICA, INC., and
SENSIENT FLAVORS, INC.,

       Defendants.

CASE NO. _CO4 -4061 mwB_

**INTERNATIONAL FLAVORS &
FRAGRANCES, INC.'S
CONSENT TO REMOVAL**

With full reservation of any and all defenses, objections, and exceptions, Defendant, International Flavors & Fragrances, Inc. ("IFF"), through its undersigned counsel, hereby consents to the Notice of Removal to be filed by Defendant, Sensient Flavors, Inc. Through this Consent, IFF does not acknowledge or admit that it has been served, and does not waive its right to object to the jurisdiction of this Court or to Plaintiff's method of service of process.

Dated this _7th_ day of July, 2004.

          **STUART, TINLEY, PETERS, THORN,
HUGHES, FAUST & MADSEN**

          By: _____
             William R. Hughes, Jr.
             310 W. Kanesville Blvd.
             Second Floor
             Council Bluffs, Iowa 51502
             Ph:     (712) 322-4033
             Fax:   (712) 322-6243

          Attorneys for Defendant, International Flavors &
          Fragrances, Inc.

**EXHIBIT**
_B_

UNITED STATES DISTRICT FOR
THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

KEVIN REMMES,

        Plaintiff,

        v.

INTERNATIONAL FLAVORS &
FRAGRANCES, INC.,
GIVAUDAN, INC.,
FLAVORS OF NORTH AMERICA, INC., and
SENSIENT FLAVORS, INC.,

        Defendants.

CASE NO. _C 04- 4061 mWB_

**GIVAUDAN FLAVOR
CORPORATION'S CONSENT
TO REMOVAL**

        With full reservation of any and all defenses, objections, and exceptions, Defendant, Givaudan Flavors Corporation, improperly named in the caption of the complaint as Givaudan, Inc. (no such entity exists), hereby consents to the Notice of Removal to be filed by Defendant, Sensient Flavors, Inc. Through this Consent, Givaudan Flavors Corporation does not acknowledge or admit that it has been served, and does not waive its right to object to the jurisdiction of this Court or to Plaintiff's method of service of process.

        Dated this __9__ day of July, 2004.



EXHIBIT

C

HEIDMAN, REDMOND, FREDREGILL,
PATTERSON, PLAZA, DYKSTRA, PRAHL
LLP

By: *Alan E. Fredregill  by JRS*
    Alan E. Fredregill, Esq. WO1658
    Patrick L. Sealey, Esq. WO14917
    701 Pierce Street, Suite 200
    P.O. Box 3086
    Sioux City, Iowa 51102
    Ph:    (712) 255-8838
    Fax:    (712) 258-6714
    e-mail: Alan.Fredregill@heidmanlaw.com
    e-mail: Patrick.Sealey@heidmanlaw.com

Attorneys for Defendant, Givaudan Flavors
Corporation

2

UNITED STATES DISTRICT FOR
THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

KEVIN REMMES,

        Plaintiff,        CASE NO. _C04 - 4061 MWB_

    v.

INTERNATIONAL FLAVORS &
FRAGRANCES, INC.,
GIVAUDAN, INC.,
FLAVORS OF NORTH AMERICA, INC., and
SENSIENT FLAVORS, INC.,

        Defendants.

**FLAVORS OF NORTH
AMERICA, INC.'S CONSENT TO
REMOVAL**

With full reservation of any and all defenses, objections, and exceptions, Defendant, Flavors of North America, Inc. ("FONA"), through its undersigned counsel, hereby consents to the Notice of Removal to be filed by Defendant, Sensient Flavors, Inc. Through this Consent, FONA does not acknowledge or admit that it has been served, and does not waive its right to object to the jurisdiction of this Court or to Plaintiff's method of service of process.

Dated this _9th_ day of July, 2004.

HELLIGE, FREY & ROE

By: _[signature]_

Michael Hellige, Esq.
700 Frances Building
505 Fifth Street
P.O. Box 1828
Sioux City, Iowa 51102
Ph: (712) 255-4444
Fax: (712) 255-4465

Attorney for Defendant, Flavors of North America, Inc.

EXHIBIT
_D_

IN THE IOWA DISTRICT COURT FOR WOODBURY COUNTY

KEVIN REMMES,

        Plaintiff,

    v.

INTERNATIONAL FLAVORS &
FRAGRANCES, INC.,
GIVAUDAN, INC.,
FLAVORS OF NORTH AMERICAN, INC., and
SENSIENT FLAVORS, INC.,

        Defendants.

LAW NO. LACV 129523

**NOTICE TO THE IOWA
DISTRICT COURT FOR
WOODBURY COUNTY OF
DEFENDANTS' NOTICE OF
REMOVAL**

**TO:**   Clerk of the District Court for Woodbury County
      Woodbury County Courthouse
      620 Douglas Street #101
      Sioux City, Iowa 51101

PLEASE TAKE NOTICE that on July 9, 2004, Defendant, Sensient Flavors, Inc., with

the consent of the other named Defendants in this action, removed this action to the United

States District Court for the Northern District of Iowa, Western Division, pursuant to 28 U.S.C.

§§ 1332, 1441, and 1446. A copy of the pleadings filed in support of removal accompanies this

Notice.

Dated this 9th day of July, 2004.

        **RAWLINGS, NIELAND, PROBASCO,
        KILLINGER, ELLWANGER, JACOBS &
        MOHRHAUSER**

          s/Matthew T. E. Early
        Maurice B. Nieland
        Matthew T. E. Early
        522 Fourth Street, Suite 300
        Sioux City, IA 51101
        Ph:     (712) 277-2373
        Fax:    (712) 277-3304
        Attorneys for Defendant, Sensient Flavors, Inc.