IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| KEVIN REMMES,<br><br>    Plaintiff,<br><br>vs.<br><br>INTERNATIONAL FLAVORS & FRAGRANCES, INC., a New York corporation; GIVAUDAN FLAVORS CORP., a Delaware corporation, formerly known as Givaudan, Inc. and Givaudan-Roure, a division of Roche Group; FLAVORS OF NORTH AMERICA, INC., an Illinois corporation; SENSIENT FLAVORS, INC., a Wisconsin corporation, formerly known as Universal Flavors, Inc.; THE FLAVOR & EXTRACT MANUFACTURERS ASSOCIATION OF THE UNITED STATES, a Maryland non-profit corporation; and, THE ROBERTS GROUP, L.L.C., a District of Columbia limited liability company,<br><br>    Defendants. | No. C04-4061-MWB<br><br>**ORDER REGARDING DEFENDANTS THE FLAVOR & EXTRACT MANUFACTURERS ASSOCIATION OF THE UNITED STATES, INC.'S AND THE ROBERTS GROUP, L.L.C.'S SECOND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

_____

**TABLE OF CONTENTS**

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    *A. Procedural Background* .................................. 2
    *B. Factual Background* .................................... 4

*II. LEGAL ANALYSIS* ........................................... 6
    *A. Legal standards for personal jurisdiction* ..................... 6
    *B. Analysis* ............................................. 6
        *1.    Personal jurisdiction under the conspiracy theory* ......... 6
        *2.    Pleading conspiracy with sufficient particularity* ......... 10
    *C. Certification For Interlocutory Appeal* ...................... 11

*III. CONCLUSION* ............................................. 14

## I. INTRODUCTION AND BACKGROUND

### A. Procedural Background

On October 5, 2004, plaintiff Kevin Remmes filed an Amended Complaint against defendants International Flavors & Fragrances, Inc. ("IFF"), Givaudan Flavors Corp. ("Givauden"), Flavors of North America, Inc. ("FONA"), Sensient Flavors, Inc. ("Sensient"), the Flavor and Extract Manufacturers Association of the United States ("FEMA"), and the Roberts Group, L.L.C. ("TRG") alleging three causes of action. The three causes of action asserted are for negligence, fraudulent concealment and civil conspiracy. The Complaint alleges that this court has subject matter jurisdiction by virtue of diversity of citizenship of the parties, 28 U.S.C. § 1332.

Defendants FEMA and TRG filed a joint Motion To Dismiss For Lack Of Personal Jurisdiction. In their motion, defendants FEMA and TRG asserted that they did not have sufficient minimum contacts with the State of Iowa so as to satisfy the Due Process Clause

of the United States Constitution. The court denied defendants FEMA and TRG's motion, concluding that:

> the Iowa Supreme Court would recognize civil conspiracy as a basis to support the exercise of in personam jurisdiction under Iowa's long-arm statute. Moreover, the court concludes that Remmes successfully made out a prima facie case which would support application of the conspiracy theory of jurisdiction. Consequently, the court finds it has personal jurisdiction over defendants FEMA and TRG and denies FEMA and TRG's joint Motion To Dismiss For Lack Of Personal Jurisdiction.

*Remmes v. International Flavors & Fragrances, Inc.*, 389 F. Supp. 2d 1080, 1096 (N.D. Iowa 2005).[1]

On December 30, 2005, plaintiff Kevin Remmes filed a second amended complaint against defendants IFF, Givauden, FONA, Sensient, FEMA, and TRG, again alleging three causes of action. The three causes of action asserted are for negligence, fraudulent concealment and civil conspiracy. Defendants FEMA and TRG then filed their Second Motion To Dismiss For Lack Of Personal Jurisdiction (#170). In their motion, defendants FEMA and TRG assert that personal jurisdiction is lacking under both the traditional "minimum contacts" test and the conspiracy theory approach to personal jurisdiction. Plaintiff Remmes filed a timely resistance to defendants motion. Defendants FEMA and TRG filed a reply brief in response to plaintiff Remmes's resistance to their joint motion.

---

[1] In the same order, in ruling on motions to dismiss filed by defendants IFF, Givauden, FONA, and Sensien, the court concluded that plaintiff Remmes had not plead fraud with the particularity required by Rule 9(b) and granted a portion of defendants IFF, Givauden, FONA, and Sensient's respective motions to dismiss. *Remmes*, 389 F. Supp.2d at 1090. However, the court granted Remmes's request for leave to replead the claims contained in Counts II and III. *Id.*

## B. *Factual Background*

Viewing the record in the light most favorable to plaintiff Remmes and resolving all factual conflicts in his favor, the court makes the following factual findings. Defendant FEMA is a national trade association that is organized under the laws of Maryland. FEMA's only office is located in Washington, D.C. FEMA is comprised of flavor manufacturers, flavor users, flavor suppliers and other entities with an interest in the United States flavor industry. FEMA is engaged in such activities as promoting the commercial interests of its members, monitoring and responding to legislation of concern to the flavor industry, educating its members on regulatory compliance, and protecting its members' intellectual property rights. FEMA currently has a national membership of 102 companies. Among its members are defendants IFF, Givauden, FONA, and Sensient. None of its current members are based in Iowa. Only one Iowa based company, Kemin Industries, Inc., has ever belonged to FEMA. Kemin Industries, Inc. participated in FEMA to learn about issues related to the United States Food and Drug Administration's regulation of flavors. Kemin Industries, Inc. was a member of FEMA from April 1987 until April 1989. In April of 1989, Kemin Industries, Inc. terminated its membership in FEMA.

Defendant TRG is a limited liability company organized under the laws of Maryland. Defendant TRG's sole office is in Washington, D.C. Defendant TRG is a management company that provides trade associations, such as FEMA, with staff and managerial services. Other than FEMA, none of the trade associations that TRG represents have anything to do with the flavor industry.

Neither FEMA nor TRG manufactures, distributes, or sells butter flavorings or other products. Neither FEMA nor TRG participated in the manufacture, distribution, or sale of butter flavorings to plaintiff Remmes's employer, the American Popcorn Company.

4

The American Popcorn Company is not a member of FEMA. Neither FEMA nor TRG possess any control or authority over the manufacturing, distribution, or sales actions of any of FEMA's members, including defendants IFF, Givauden, FONA, and Sensient.

FEMA and TRG are not registered to do business in Iowa. In addition, FEMA and TRG do not maintain a registered agent for service of process in Iowa and do not hold themselves out as licensed to conduct business in Iowa. Neither FEMA nor TRG have ever owned or leased property in Iowa, maintained any bank accounts in Iowa, or had any telephone listings in the State of Iowa. FEMA and TRG have never conducted a business meeting or a seminar in Iowa. Neither FEMA nor TRG has ever disseminated business materials in Iowa. FEMA and TRG have never produced, manufactured, distributed, or sold flavoring substances or other products anywhere in the world, including the State of Iowa. Neither FEMA nor TRG control or monitor FEMA's members' production, manufacturing, distribution, or selling activities anywhere in the world, including the State of Iowa.

FEMA and TRG were involved in a conspiracy with at least defendant Givauden to suppress the health risks of butter flavorings. FEMA members, including defendants IFF, Givauden, FONA, and Sensient, actively sold butter flavorings in Iowa. These products were known by defendants IFF, Givauden, FONA, Sensient, FEMA and TRG to be potentially dangerous to the end users of the butter flavorings. Research concerning the dangers of butter flavorings was concealed from the public. Plaintiff Remmes was injured as a result of his exposure, at his place of employment, in Iowa, to butter flavorings.

## II. LEGAL ANALYSIS

### A. *Legal standards for personal jurisdiction*

In this court's *Remmes* decision, the court set out in detail the legal standards for determination of whether personal jurisdiction over a defendant is proper. *Remmes*, 389 F. Supp. 2d at 1090-1093. Thus, the court will not consider those standards in detail here, other than to note the following:

> The plaintiff bears the ultimate burden of proving personal jurisdiction over a defendant. *See Watlow Elec. Mfg. v. Patch Rubber Co.*, 838 F.2d 999, 1000 (8th Cir.1988). Jurisdiction, however, need not be proved by a preponderance of the evidence until trial or until an evidentiary hearing is held. *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir. 1991). In order to defeat a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a *prima facie* showing of jurisdiction. *Dakota Indus.*, 946 F.2d at 1387. When examining the *prima facie* showing, the court must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in the plaintiff's favor. *Digi-Tel Holdings, Inc. v. Proteq Telecommunications Inc.*, 89 F.3d 519, 522 (8th Cir. 1996) (citing *Dakota Indus.*, 946 F.2d at 1387).

*Remmes*, 389 F. Supp. 2d at 1090-91.

### B. *Analysis*

#### 1. *Personal jurisdiction under the conspiracy theory*

In *Remmes*, the court concluded that defendants FEMA and TRG lacked significant minimum contacts, such that "the court typically would grant defendants' motion to dismiss for lack of personal jurisdiction." *Id*. at 1093. However, the court noted that plaintiff Remmes asserted in personam jurisdiction over both FEMA and TRG based on

their alleged participation in the conspiracy alleged in Count III. *Id.* In the *Remmes* decision, the court observed that:

> A number of courts have recognized civil conspiracy as a basis to support the exercise of in personam jurisdiction. *See, e.g., Second Amendment Found. v. United States Conference of Mayors*, 274 F.3d 521, 524 (D.C. Cir. 2001); *Jungquist v. Sheikh Sultan Bin Khalifa Al Nahyan*, 115 F.3d 1020, 1030-31 (D.C. Cir. 1997); *Stauffacher v. Bennett*, 969 F.2d 455, 459 (7th Cir. 1992); *Edmond v. United States Postal Serv. Gen. Counsel*, 949 F.2d 415, 424-25 (D.C. Cir. 1991); *Textor v. Board of Regents of N. Ill. Univ.*, 711 F.2d 1387, 1392 (7th Cir. 1983); *Jung v. Ass'n of American Med. Colls.*, 300 F. Supp.2d 119, 141 (D.D.C. 2004); *Kohler Co. v. Kohler Int'l, Ltd.*, 196 F. Supp.2d 690, 697 (N.D. Ill. 2002); *Simon v. Philip Morris*, 86 F. Supp.2d 95, (E.D.N.Y. 2000); *United Phosphorus, Ltd., v. Angus Chem. Co.*, 43 F. Supp.2d 904, 912 (N.D. Ill. 1999); *In re N. Dakota Personal Injury Asbestos Litig. No.1*, 737 F. Supp. 1087, 1097-98 (D.N.D. 1990); *Gemini Enters. Inc. v. WFMY Television Corp.*, 470 F. Supp. 559, 564 (M.D. N.C. 1979); *Merkel Associates, Inc. v. Bellofram Corp.*, 437 F. Supp. 612, 617 (W.D.N.Y.1977); *McLaughlin v. Copeland*, 435 F. Supp. 513, 529-533 (D. Md. 1977); *Socialist Workers Party v. Attorney Gen. of the U.S.*, 375 F. Supp. 318, 321 (S.D.N.Y. 1974); *see generally* Ann Althouse, *The Use of Conspiracy Theory to Establish In Personam Jurisdiction: A Due Process Analysis*, 52 FORDHAM L. REV. 234 (1983); Stuart M. Riback, Note, *The Long Arm and Multiple Defendants: The Conspiracy Theory of In Personam Jurisdiction*, 84 COLUM. L. REV. 506 (1984). The exercise of long-arm jurisdiction based on the use of conspiracy rests on the concept that the acts of conspirators in furtherance of the conspiracy are attributable to co-conspirators. *Textor*, 711 F.2d at 1392 (citing *Gemini*, 470 F. Supp. at 564). Courts have used this theory to assert jurisdiction "over [those] whom jurisdiction would otherwise be lacking." *In re Arthur Treacher's Franchisee Litigation*, 92

> F.R.D. 398, 411 (E.D. Pa. 1981). Although it has been accepted by some courts, others have not recognized it. *See, e.g., In re New Motor Vehicles Canadian Export Antitrust Litig.*, 307 F. Supp.2d 145, 157-58 (D. Me. 2004); *Steinke v. Safeco Ins. Co.*, 270 F. Supp.2d 1196, 1200 (D. Mont. 2003); *Insolia v. Philip Morris Inc.*, 31 F. Supp.2d 660, 672 (W.D. Wis. 1998); *Gutierrez v. Givens*, 1 F. Supp.2d 1077, 1083 n.1 (S.D. Cal. 1998); *Karsten Mfg. Corp. v. United States Golf Ass'n*, 728 F. Supp. 1429, 1434 (D. Ariz.1990); *Kipperman v. McCone*, 422 F. Supp. 860, 873 n.14 (N.D. Cal. 1976). Criticism of the theory has centered on whether the due process clause permits a state to assert extra-territorial jurisdiction over a person who did not foresee that the conspiracy which that person joined would commit acts within that state. *See* Althouse, *supra*, at 251-54.

*Remmes*, 389 F. Supp.2d at 1093-94.

The court went on to note that while the Iowa Supreme Court had not yet recognized civil conspiracy as a basis for exercise of in personam jurisdiction under Iowa's long-arm statute, the court concluded that the Iowa Supreme Court would follow that line of authorities approving the exercise of personal jurisdiction based on the conspiracy theory and recognize civil conspiracy as a basis to support the exercise of in personam jurisdiction under Iowa's long-arm statute. *Id.* at 1095. The court then set out the requirements for successfully pleading facts which would support application of the conspiracy theory of jurisdiction:

> In order to plead successfully facts supporting application of the conspiracy theory of jurisdiction, a plaintiff must allege the following: "(1) the existence of a conspiracy; (2) the nonresident's participation in or agreement to join the conspiracy; and (3) an overt act taken in furtherance of the conspiracy within the forum's boundaries." *Jung*, 300 F. Supp.2d at 141; *see Textor*, 711 F.2d at 1387 ("To plead

8

> successfully facts supporting application of the conspiracy theory of jurisdiction a plaintiff must allege both an actionable conspiracy and a substantial act in furtherance of the conspiracy performed in the forum state."); *see also Second Amendment Found.*, 274 F.3d at 524 (holding that to prevail on conspiracy theory of jurisdiction a party "must make a prima facie showing of civil conspiracy.").

*Remmes*, 389 F. Supp.2d at 1095-96. Applying these standards, the court concluded that it had personal jurisdiction over defendants FEMA and TRG:

> Here, viewing the record in the light most favorable to Remmes and resolving all factual conflicts in Remmes's favor, *see Digi-Tel Holdings, Inc.*, 89 F.3d at 522, the court finds that plaintiff Remmes has presented a *prima facie* case showing that FEMA and TRG were involved in a conspiracy with at least defendant Givauden to suppress the health risks of butter flavorings. FEMA members, including defendants IFF, Givauden, FONA, and Sensient, actively sold butter flavors in Iowa. These products were known by Defendants IFF, Givauden, FONA, Sensient, FEMA and TRG to be potentially dangerous to the end users of the butter flavorings. Research concerning the dangers of butter flavorings was concealed from the public, and plaintiff Remmes was injured as a result of his exposure, in Iowa, to butter flavorings. Consequently, the court finds it has personal jurisdiction over defendants FEMA and TRG . . .

*Remmes*, 389 F. Supp.2d at 1096.

Here, in their second motion to dismiss, defendants FEMA and TRG contend that a court cannot exercise personal jurisdiction based on conspiracy allegations absent a finding that an out-of-state co-conspirator purposefully availed itself of the privileges of conducting activities in the forum state or that the out-of-state co-conspirator controlled the activities of its co-conspirators in the forum state. Defendants FEMA and TRG argue that

absent such a showing, the exercise of personal jurisdiction over the out-of-state defendant exceeds the limits of due process. *See Jin v. Ministry of State Security*, 335 F. Supp.2d 72, 78 (D.D.C. 2004).

The court concludes that when defendants FEMA and TRG joined the alleged conspiracy to conceal the dangers of butter flavorings that they knew or should have known that FEMA members, including defendants IFF, Givauden, FONA, and Sensient, actively sold butter flavors in Iowa. As a result, defendants FEMA and TRG could reasonably foresee that workers in Iowa popcorn plants, because such plants purchased butter flavors from defendants IFF, Givauden, FONA, and Sensient, might be injured by the butter flavors. Thus, the court concludes that defendants FEMA and TRG purposefully availed themselves of the privilege of conducting activities in Iowa. Therefore, the court denies this portion of defendants FEMA and TRG's Second Motion To Dismiss For Lack Of Personal Jurisdiction.

### 2.   *Pleading conspiracy with sufficient particularity*

Defendants FEMA and TRG also contend that the Second Amended Complaint should be dismissed as to them because plaintiff Remmes has allegedly failed to plead civil conspiracy with particularity. The flaw in this argument is that while this court in *Remmes*, 389 F. Supp.2d at 1088-89, did find that plaintiff Remmes had failed to plead fraud with particularity, the court was speaking about the need to particularize the individual actions of only defendants IFF, Givauden, FONA, and Sensient. *Id.* On the issue of the sufficiency of the pleading of defendants FEMA and TRG's involvement in the alleged conspiracy, the court previously concluded that:

> Here, viewing the record in the light most favorable to Remmes and resolving all factual conflicts in Remmes's favor, *see Digi-Tel Holdings, Inc.*, 89 F.3d at 522, the court finds that plaintiff Remmes has presented a *prima facie* case showing that

>     FEMA and TRG were involved in a conspiracy with at least
>     defendant Givauden to suppress the health risks of butter
>     flavorings.

*Remmes*, 389 F. Supp.2d at 1096.

Because the issue of the sufficiency of the pleading as to defendants FEMA and TRG has already been determined, and defendants FEMA and TRG's arguments have not altered the court's view on that issue, the court denies this portion of defendants FEMA and TRG's Second Motion To Dismiss For Lack Of Personal Jurisdiction.

### *C. Certification For Interlocutory Appeal*

Defendants FEMA and TRG alternatively argue that the court should certify its order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The pertinent statute, 28 U.S.C. § 1292(b), provides for interlocutory appeal as follows:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in the original). As the Eighth Circuit Court of Appeals has observed, the statute provides for certification of controlling questions of law by the district

11

court for interlocutory appeal in circumstances where an appeal is otherwise unavailable. *City of Fort Madison, Iowa v. Emerald Lady*, 990 F.2d 1086, 1088 n.4 (8th Cir. 1993). However, the appellate court must, upon certification, decide, in its discretion, whether to permit the appeal on the question certified.[2] *Id.*

In *Moland v. Bil-Mar Foods*, 994 F. Supp. 1061 (N.D. Iowa 1998), this court summarized the standards for an interlocutory appeal pursuant to § 1292(b), as articulated by the Eighth Circuit Court of Appeals in *White v. Nix*, 43 F.3d 374 (8th Cir.1994):

> The court [in *White v. Nix*] held that "[t]he requirements of § 1292(b) are jurisdictional," and the statute should be used with care to avoid piece-meal appeals. *White*, 43 F.3d at 376.

---

[2] Because § 1292(b) provides for appeal of orders otherwise unappealable, and thus provides an avenue for resolving disputed and controlling questions of law, the resolution of which will materially further the litigation, the appellate court reviews de novo the questions of law certified by the district court. *Simon v. G.D. Searle & Co.*, 816 F.2d 397, 400 (8th Cir.), *cert. denied*, 484 U.S. 917 (1987). The nature and scope of the appellate court's review is not rigidly determined by the certified questions, however. *Id.* (citing *In re Oil Spill by the Amoco Cadiz*, 659 F.2d 789, 793 n. 5 (7th Cir. 1981)). The appellate court

> remain[s] free to consider "'such questions as are basic to and underlie'" the questions certified by the district court. [ *In re Oil Spill by the Amoco Cadiz*, 659 F.2d at 793 n. 5] (quoting *Helene Curtis Indus., Inc. v. Church & Dwight Co.*, 560 F.2d 1325, 1335 (7th Cir. 1977) (quoting 9 J. Moore, Moore's Federal Practice ¶ 110.25[1], at 270)); *Merican, Inc. v. Caterpillar Tractor Co.*, 713 F.2d 958, 962 n. 7 (3d Cir. 1983), *cert. denied*, 465 U.S. 1024, 104 S.Ct. 1278, 79 L.Ed.2d 682 (1984); *United States v. Connolly*, 716 F.2d 882, 885 (Fed. Cir. 1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L. Ed.2d 740 (1984).

*Simon*, 816 F.2d at 400.

> Thus, the court stated that § 1292(b) "'should and will be used only in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases.'" *Id.* (quoting S.Rep. No. 2434, 85th Cong., 2d Sess. (1958), reprinted in 1958 U.S.C.C.A.N. 5255, 5260). Thus, the statute should be used "sparingly" and the burden, on the movant, is a heavy one to show that the case is an "exceptional" one in which immediate appeal is warranted. *Id.* Nonetheless, the court's grant of interlocutory appeal is reviewed for abuse of discretion. *Id.* (finding abuse of discretion in that case in failure to consider whether the appeal involved a controlling question of law.). The court therefore reiterated that § 1292(b) establishes three criteria that must be met for certification by the court: "the district court must be 'of the opinion that' (1) the order 'involves a controlling question of law'; (2) 'there is substantial ground for difference of opinion'; and (3) certification will 'materially advance the ultimate termination of the litigation.'" *Id.* at 377.

*Moland*, 994 F. Supp. at 1077.

The court is of the opinion that this decision presents an "exceptional case" in which immediate interlocutory appeal should be permitted. *Id.* First, this ruling "involves a controlling question of law" since the civil conspiracy theory for exercise of in personam jurisdiction is the only basis for in personam jurisdiction over defendants FEMA and TRG. Second, notwithstanding this court's certainty concerning the appropriate outcome, "there is substantial ground for difference of opinion," *id.*, where neither the Iowa Supreme Court nor the Iowa Court of Appeals has specifically addressed whether Iowa will recognize civil conspiracy as a basis for exercise of in personam jurisdiction under Iowa's long-arm statute. Finally, certification will "materially advance the ultimate termination of the litigation," because if this court is incorrect in its recognition of civil conspiracy as a basis to support the exercise of in personam jurisdiction, defendants FEMA and TRG are entitled to be

13

dismissed from this case. This matter will, therefore, be certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

### III. CONCLUSION

For the aforementioned reasons, the court concludes that under the conspiracy theory of personal jurisdiction, the exercise of personal jurisdiction over defendants FEMA and TRG is proper because both defendants purposefully availed themselves of the privilege of conducting activities in Iowa. The court also finds that this court previously found that plaintiff Remmes has presented a *prima facie* case showing that FEMA and TRG were involved in a conspiracy to suppress the health risks of butter flavorings, and defendants FEMA and TRG's arguments have not altered the court's previous ruling on that issue. Therefore, defendants FEMA and TRG's Second Motion To Dismiss For Lack Of Personal Jurisdiction is denied.[3] However, this matter is certified for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) on the questions of law presented herein.

---

[3] The court notes that defendants FEMA and TRG recently filed a mandamus action in the United States Court of Appeals for the Eighth Circuit erroneously thinking it would expedite this ruling. That motion, with attachments, is one and one-half inches high. A simple courtesy letter or e-mail to chambers with copies to all counsel would have been faster and accomplished more but then the law firm Venable, L.L.P. would not have been able to bill thousands of dollars for the mandamus action. The court also notes that the subject of the mandamus action, defendant FEMA and TRG's Second Motion To Dismiss For Lack Of Personal Jurisdiction, was not grounded on any new compelling legal authority but instead was instead largely a rehash of authorities and legal arguments which this court rejected only nine months ago in *Remmes*, 389 F. Supp. 2d at 1096.

**IT IS SO ORDERED.**

**DATED** this 26th day of June, 2006.

                                                    _____
                                                  MARK W. BENNETT
                                                  CHIEF JUDGE, U. S. DISTRICT COURT
                                                  NORTHERN DISTRICT OF IOWA